IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EUGENE SCALIA, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR, <br><br>         Plaintiff, <br><br>   v. <br><br> BHMK ENTERPRISES, LLC, d/b/a BOTTLE BAR EAST, BRADLEY (BRAD) HELDER, and MICHAEL (MIKE) KELLETT <br><br>         Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Civil Action No. _____ <br> ) <br> ) JURY TRIAL DEMANDED <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**COMPLAINT**

Plaintiff, EUGENE SCALIA, Secretary of Labor, United States Department of Labor ("Plaintiff") brings this action to enjoin Defendants BHMK ENTERPRISES, LLC, doing business as BOTTLE BAR EAST, BRAD HELDER, also known as BRADLEY HELDER, MICHAEL KELLETT, also known as MIKE KELLETT (hereinafter collectively referred to as "Defendants,") from violating the provisions of Sections 6, 7, and 11(c), 15(a)(2) and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*., hereinafter referred to as "the Act," and for a judgment against Defendants in the total amount of back wage compensation found by the Court to be due to any of the employees of Defendants pursuant to the Act and for an equal amount due to the employees of Defendants in liquidated damages.

1. Jurisdiction of this action is conferred upon the Court by Section 17 of the Act, 29 U.S.C. § 217, and by 28 U.S.C. §§ 1331 and 1345.

2. Defendant BHMK ENTERPRISES d/b/a BOTTLE BAR EAST ("Bottle Bar East") is a limited liability company duly organized under the laws of the Commonwealth of Pennsylvania, having its registered office at 1308 Frankford Avenue, Philadelphia, PA 19125. Defendant Bottle Bar East is engaged in a full-service restaurant and bar business at 1308 Frankford Avenue, Philadelphia, PA 19125 within the jurisdiction of this court.

3. Defendant BRAD HELDER, also known as BRADLEY HELDER, is co-founder, fifty (50) percent owner, and manager of Bottle Bar East and resides at 717 Bristol Rd, Churchville, PA 18966 which is within the jurisdiction of this Court.  Helder has directed employment practices and has acted directly or indirectly in the interest of Bottle Bar East in relation to its employees at all times relevant herein, including hiring and firing employees, and setting/reviewing employees' schedules.  Helder is responsible for creating and implementing policies that kept employees from being paid minimum wage and overtime.  Defendant Helder regulated the employment of persons employed by Bottle Bar East, acted directly and indirectly in company's interest in relation to the employees, and is an employer of said employees within the meaning of Section 3(d) of the Act.

4. Defendant MIKE KELLETT, also known as MICHAEL KELLETT, is a current manager and former owner of Bottle Bar East and resides at 35 Meadow Dr., Langhorne, PA 19047, which is within the jurisdiction of this Court.  It is believed that Kellett transferred his fifty (50) percent ownership interest in the company to his wife, Bernadette Kellett, in 2017, but continues to be actively involved in the running of the business.  Kellett was jointly responsible for creating and implementing policies that kept employees from being paid minimum wage and

overtime.  Kellett has actively supervised and directed employment practices and has acted directly or indirectly in the interest of Bottle Bar East in relation to its employees at all times relevant herein.  Kellett has exercised hiring and firing authority and he also approves hiring decisions on behalf of the company.  Kellett is responsible for directing the work force on a day by day basis and executes the company's compensation policies.  For example, Kellett paid some of Bottle Bar East's back-of-the-house employees with envelopes containing cash that had the employees' hours written on the front, and would call employees to tell them to come in and work a shift.  Defendant Kellett is an employer of said employees within the meaning of Section 3(d) of the Act.

5. Defendants' business activities, as described herein, are and were related and performed through unified operation or common control for a common business purpose and constitute an enterprise within the meaning of Section 3(r) of the Act.

6. Defendants have employed and are employing employees in and about their place of business in the activities of an enterprise engaged in commerce or in the production of goods for commerce, including employees handling, selling, or otherwise working on products, goods or materials that have been moved in or produced for commerce, such as restaurant supplies and alcohol.  The enterprise has had an annual gross volume of sales made or business done in an amount not less than $500,000.00.  Therefore, the employees are employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of the Act.

7. Defendants willfully violated the provisions of Sections 6 and 15(a)(2) of the Act by paying many of their employees employed as servers and bartenders in an enterprise engaged in commerce or in the production of goods for commerce at rates less than the applicable

statutory minimum rate prescribed in Section 6 of the Act.  Therefore, Defendants are liable for unpaid minimum wages under Section 17 of the Act.  For example:  Defendants failed to pay their bartenders and servers any wages whatsoever.  Rather, tipped workers received tips as their sole remuneration.  Also, Defendants also failed to pay their tipped workers any wages when they participated in mandatory quarterly meetings where the staff would clean the restaurant.

8. Defendants willfully violated the provisions of Sections 7 and 15(a)(2) of the Act by employing many of their employees employed as servers in an enterprise engaged in commerce or in the production of goods for commerce for workweeks longer that those prescribed in Section 7 of the Act without compensating the employees for their employment in excess of the prescribed hours at rates not less than one and one-half times the regular rates at which they were employed.  Therefore, said Defendants are liable for the payment of unpaid overtime compensation under Section 17 of the Act.  For example:  Defendants failed to pay any of its workers the overtime premium of one and one half times the regular rate to any of its workers, even though its back-of-the-house workers regularly worked between 43 and 55 hours a week.  Bartenders and servers received only tips and no wages, regardless of their hours worked, and cashiers, cooks, sous chefs, and dishwashers were paid straight time for all hours worked, even though workers regularly worked more than 40 hours in a work week.

9. Defendants willfully violated the provisions of Sections 11(c) and 15(a)(5) of the Act in that Defendants failed to make, keep, and preserve adequate and accurate records of many of their employees and of the wages, hours, and other conditions of employment which they maintained as prescribed by the regulations issued and found at 29 C.F.R. Part 516.  Specifically, Defendants failed to keep accurate records of hours worked by and wages due to many of their employees.  For example, Defendants failed to make payroll records for their servers and bartenders, and hours were recorded haphazardly in notebooks for some back of the house

workers. Some workers were kept "off the books" entirely. Thus, Defendants failed to maintain accurate records regarding hours worked and wages owed for all employees.

10. Since at least April 20, 2016, Defendant has willfully violated the provisions of the Act as alleged in paragraphs 7 through 9 above. A judgment permanently enjoining and restraining the violations herein alleged is specifically authorized by Section 17 of the Act.

11. As a result of the violations alleged in paragraphs 7 through 9 above, back wages and an equal amount of liquidated damages are owed to Defendants' current and former employees, including the persons specifically listed in the attached Schedule A to the Secretary's Complaint.

12. A judgment granting recovery of said amounts is specifically authorized by Sections 16(c) and 17 of the Act.

WHEREFORE, cause having been shown, the Secretary prays for judgment against Defendant:

(1) For an injunction issued pursuant to Section 17 of the Act permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with Defendants who receive actual notice of any such judgment, from violating the provisions of Sections 6, 7, 11(c), 15(a)(2), and 15(a)(5) of the Act; and

(2) For judgment pursuant to Section 16(c) of the Act, finding Defendants liable for unpaid minimum wage and overtime compensation due to certain of Defendants' current and former employees listed in the attached Schedule A for the period April 20, 2016 through at least November 24, 2018, and for an equal amount due to Defendant's current and former employees in liquidated damages. Additional

amounts of back wages and liquidated damages may also be owed to certain current and former employees listed in the attached Schedule A for violations continuing after November 24, 2018, and may be owed to certain current and former employees presently unknown to the Secretary for the period covered by this Complaint, who may be identified during this litigation and added to Schedule A; or;

(3) In the event liquidated damages are not awarded, for an injunction issued pursuant to Section 17 of the Act restraining Defendants, their officers, agents, employees, and those persons in active concert or participation with Defendants, from withholding the amount of unpaid minimum wages and overtime compensation found due defendants' employees and prejudgment interest computed at the underpayment rate established by the Secretary of the Treasury pursuant to 26 U.S.C. § 6621.

FURTHER, Plaintiff prays that this Honorable Court award costs in his favor, and an order granting such other and further relief as may be necessary and appropriate.

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands that all eligible claims be tried before a jury.

Respectfully submitted,

For the Secretary:

Kate S. O'Scannlain
Solicitor of Labor

Oscar L. Hampton III
Regional Solicitor

By: _____
Jennifer L. Bluer

Senior Trial Attorney
PA ID # 307299
Office of the Solicitor, Region III
Suite 630E, The Curtis Center
170 S. Independence Mall West
Philadelphia, PA 19106-3306
215-861-5146
215-861-5162 (fax)
Bluer.jennifer.l@dol.gov

U.S. DEPARTMENT OF LABOR
Attorneys for Plaintiff

7

**Schedule A**

|     | Last Name | First Name |
| --- | --- | --- |
| 1.  | Also | Jose |
| 2.  | Aptner | Josh |
| 3.  | Barry | Zooey |
| 4.  | Beetle | Greg |
| 5.  | Bender | Trisha |
| 6.  | Bitting | Andy |
| 7.  | Blood | Ian |
| 8.  | Blozen | Brian |
| 9.  | Booker | Anthony J |
| 10. | Burpee | Joseph |
| 11. | Campbell | Richie |
| 12. | Carroll | Keith |
| 13. | Chambers | Meg |
| 14. | Clemens | Daniel SHOE |
| 15. | Cromwell | Joe |
| 16. | DiStefano | Samantha |
| 17. | Ellison | Daquan |
| 18. | Figueroa | Ed |
| 19. | Frattara | David |
| 20. | Freedman | Kelley |
| 21. | Friebe | Paige |
| 22. | Gaughan | Diane |
| 23. | Guerino | Michael |
| 24. | H | Malik |
| 25. | Hall | Lamontaye |
| 26. | Howson | Charlotte |
| 27. | Kakabadee | Keegan |
| 28. | Kawakami | Koji |
| 29. | Kelley | Victoria |
| 30. | Knighton | Nick |
| 31. | Lamb | Julie |
| 32. | Lloyd | Cameron |
| 33. | Macura | Mitchell |
| 34. | Mazarick | Megan |
| 35. | McCall | Baron |
| 36. | McCall | Lauren |
| 37. | Morrison | Bill |
| 38. | Mullen | Nicole |
| 39. | Murph | Steven Jahmal |
| 40. | O'Neill | Tara |

| | | |
|---|---|---|
| 41. | Osinski | Monica |
| 42. | Pero | Jeremy |
| 43. | Peterson | Sarah |
| 44. | Phillips | Hannah |
| 45. | Pinpye | Josh |
| 46. | Ramos | Karen |
| 47. | Randalf | Spencer |
| 48. | Rossi | Tony |
| 49. | Rothwell | Hannah |
| 50. | Schaeffer | Jamie |
| 51. | Shamp | Stephanie |
| 52. | Shelly | Tae |
| 53. | Tjader | Michael |
| 54. | Unknown | Alyssa |
| 55. | Unknown | Amy |
| 56. | Unknown | Em |
| 57. | Unknown | Ennis |
| 58. | Unknown | Eve |
| 59. | Unknown | Flo |
| 60. | Unknown | Izzy |
| 61. | Unknown | Jose |
| 62. | Unknown | Kali |
| 63. | Unknown | Kristina |
| 64. | Unknown | Luis |
| 65. | Unknown | Malik |
| 66. | Unknown | Matt |
| 67. | Unknown | Miguel |
| 68. | Unknown | Quentin |
| 69. | Unknown | Rob |
| 70. | Unknown | Rolando |
| 71. | Waller | Amanda |
| 72. | Williams | Erik |
| 73. | Williams | Quadir |